FILED
JAN 19 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Re Subpoena in

In Re M.F.,

CASE NUMBER 1:07MS00023

JUDGE: Ricardo M. Urbina

DECK TYPE: Miscellanous

DATE STAMP: 01/18/2007

MOTION TO QUASH

The United States Attorney, through the undersigned attorneys, and on behalf of the United States Marshals Service and the Custodian of Records of the U.S. Marshals Service hereby moves to quash the subpoenas issued in this matter.[1]

The Court is respectfully referred to the accompanying memorandum in support of this motion. A proposed order also accompanies the motion.

Respectfully submitted,

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

---

[1] The United States Marshals Service also submits the accompanying memorandum in satisfaction of its obligations under 28 U.S.C. § 16.27, and has opted not to appear and make its record orally before the Superior Court, because the Public Defender Service has, at times, taken the position that by appearing in the Superior Court and taking such action a federal agency waives its right to remove a matter to this Court.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In Re Subpoena in          )
                           )
<u>In Re M.F.</u>,              )
                           )   Misc. No. _____
                           )
_____)

MEMORANDUM OF POINTS AND AUTHORITIES
<u>IN SUPPORT OF MOTION TO QUASH</u>

<u>INTRODUCTION</u>

On or about January 17, 2007, counsel for M.F., faxed a copy of a subpoena to the Office of the United States Attorney for the District of Columbia purporting to command the Custodian of Records of the United States Marshals Service to appear at 11:00 a.m. on January 18, 2007, to testify and produce "any and all records relating to a shooting of M.F. on January 3, 2007. . . ." <u>Id</u>. <u>See</u> Exhibit 1 to the Notice of Removal. The subpoena matter was removed to this Court, consistent with <u>Brown & Williamson Tobacco Corp.</u> v. <u>Williams</u>, 62 F.3d 408, 412-415 (D.C. Cir. 1995). The subpoena was accompanied by a letter dated January 16, 2007, seeking approval for production of the information, but there has not yet been sufficient time for the Office of the United States Marshal to act upon that request.

Applicable law and Department of Justice ("DOJ") regulations preclude the production of the information requested by the subpoenas to the extent it may exist; and jurisdiction is lacking to enforce a subpoena for information from the federal government. Thus, as is more fully explained below, the subpoena

should be quashed. Undersigned counsel contacted counsel for M.F., Matthew L. Mazur, Esq., by telephone on January 17, 2007 to determine whether he would withdraw the subpoena at issue, but Mr. Mazur indicated that he was not prepared to do so at the time.

## ARGUMENT

The Court of Appeals has made clear that neither the District of Columbia Superior Court nor this Court has the jurisdiction to enforce a Superior Court subpoena when the party seeking enforcement has failed to comply with an agency's Touhy[2] regulations. "In state court the federal government is shielded by sovereign immunity, which prevents the state court from enforcing a subpoena." Houston Business Journal v. OCC, 86 F.3d 1208, 1211 (D.C. Cir. 1996). And, "because a federal court's jurisdiction upon removal is derivative of the state court's, the federal court in a removed action is also barred from enforcing a subpoena against the federal government." Id. at 1212. Although Houston Business Journal involved only a subpoena for documents, the decision also addressed situations involving subpoenas for testimony. "Under Touhy," stated the Court, "neither state-court nor federal-court litigants may obtain a subpoena *ad testificandum* against an employee of a federal agency that has

---

[2] See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).

enacted a Touhy regulation." Id. at 1212 n.4 (citations omitted).

>In <u>Houston Business Journal</u>, the Circuit clearly recognized that where an agency has enacted valid <u>Touhy</u> regulations, a federal court litigant may not obtain a subpoena *ad testificandum* against an employee of a federal agency, but "the litigant must proceed under the APA and the federal court will review the agency's decision not to permit its employee to testify under an 'arbitrary and capricious' standard." 86 F.3d at 1212 n. 4 (citing <u>Moore</u> v. <u>Armour Pharm. Co.</u>, 927 F.2d 1194, 1197 (11th Cir. 1991); <u>Davis Enters.</u> v. <u>EPA</u>, 877 F.2d 1181, 1186 (3d Cir. 1989), <u>cert</u>. <u>denied</u>, 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990)).

<u>Ho</u> v. <u>United States</u>, 374 F.Supp.2d 82, 83 (D.D.C. 2005) (footnotes omitted) (appeal pending).

In short, the failure to comply with the regulations by securing authorization for the testimony or production under the regulations promulgated by the United States Department of Justice, 28 C.F.R. § 16.21, <u>et</u> <u>seq.</u>, requires this Court to quash the subpoenas seeking information from the Custodian of Records. <u>See</u> 28 C.F.R. 16.22(a); <u>Houston Business Journal</u>, 86 F.3d at 1211-12; <u>Ho</u> v. <u>United States</u>, 374 F.Supp. 2d at 83; <u>see</u> <u>also</u> <u>Longtin</u> v. <u>United States Department of Justice</u>, Civil Action No. 06-1302 JMF (D.D.C. August 3, 2006) (copy attached).

Because DOJ regulations prohibit DOJ employees from providing the testimony and information sought, <u>see</u> 28 C.F.R. 16.22(a), the Court is without jurisdiction to order compliance with the subpoena for agency information.

When a litigant seeks to obtain documents from a

-3-

>   non-party federal governmental agency, the procedure
>   varies depending on whether the underlying litigation
>   is in federal or state court. In state court, the
>   federal government is shielded by sovereign immunity,
>   which prevents the state court from enforcing a
>   subpoena. Under Fifth Circuit law, which the Texas
>   district court followed, because a federal court's
>   jurisdiction upon removal is derivative of the state
>   court's, the federal court in a removed action is also
>   barred from enforcing a subpoena against the federal
>   government. Louisiana v. Sparks, 978 F.2d 226, 234-36
>   (5th Cir. 1992).³ Moreover a court cannot enforce a
>   subpoena against an employee of the federal
>   governmental agency when the agency has validly enacted
>   a regulation . . . that withdraws from employees the
>   power to produce documents. United States ex rel.
>   Touhy v. Ragen, 340 U.S. 462, 467-69 (1951); id. at
>   472-73 (Frankfurter, J., concurring).

Houston Business Journal v. OCC, 86 F.3d at 1212.

>   Under Touhy, neither state-court nor federal court
>   litigants may obtain a subpoena ad testificandum
>   against an employee of a federal agency that has
>   enacted a Touhy regulation.

Id. at 1212 n.4. Therefore, because DOJ has validly enacted

Touhy regulations, see 28 C.F.R. §§ 16.21 - 16.29, and no one has

secured authorization under those regulations for the release of

the information sought in the subpoenas, sovereign immunity

precludes the Superior Court from entering an order compelling

production. Moreover, a District Court upon removal similarly

lacks subject matter jurisdiction to enforce the subpoenas at

---

    ³ This position has also been taken by at least three other
circuits, see Edwards v. United States Dep't of Justice, 43 F.3d
312, 315 (7th Cir. 1994); Exxon Shipping Co. v. United States
Dep't of Interior, 34 F.3d 774, 778 (9th Cir. 1994); Boron Oil
Co. v. Downie, 873 F.2d 67, 70 (4th Cir. 1989), as well as by
district courts in this circuit, see Environmental Enters., Inc.
v. EPA, 664 F. Supp. 585 (D.D.C. 1987).

issue.  Houston Business Journal v. OCC, 86 F.3d at 1212.

CONCLUSION

Wherefore, the subpoena should be quashed and the subpoena matter dismissed.

                                  Respectfully submitted,

*/s/ Jeffrey A. Taylor*
JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

*/s/ Rudolph Contreras*
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

*/s/ W. Mark Nebeker*
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Motion To Quash was sent by mail and facsimile to:

Matthew Mazur
Public Defender Service
633 Indiana Ave., N.W.
Washington, DC  20004
824-2548
fax: 824-2668

and

Barbara Chesser
Assistant Attorney General
   for the District of Columbia
Juvenile Section
441 4th Street 450 North
Washington, DC  20001
727-3500
fax: 727-3745

on this 18th day of January, 2007.

W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.,
Civil Division
Washington, DC  20530
(202) 514-7230

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH LONGTIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>JUSTICE, *et al.*,<br><br>　　　　Defendants. | Civil Action No. 06-1302 (JMF) |

## MEMORANDUM ORDER

This matter was referred to me, upon consent of the parties, for all purposes including trial. The case originates in the United States Attorney's decision to deny, relying on the Privacy Act, 5 U.S.C. § 552a,[1] plaintiff Keith Longtin's request for the production of certain documents and the right to depose an Assistant United States Attorney where there was an order issued by the Superior Court of the District of Columbia permitting the sought-after deposition.

As a result of the denial of his request, plaintiff has filed a complaint under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, as well as a motion for a temporary restraining order. While styled as a motion for a temporary restraining order or a preliminary injunction, plaintiff's motion actually seeks a permanent injunction that would command the United States to require the Assistant United States Attorney to testify at a trial in the Circuit

---

[1] All references to the United States Code and the Code of Federal Regulations are to the electronic versions that appear in Westlaw and Lexis.

Court for Prince George's County, Maryland, currently scheduled to begin on August 14, 2006. See Plaintiff's Motion for Temporary Restraining Order ("Pls. Mot.") at 3.

I held a hearing on plaintiff's motion on July 31, 2006, at which the parties agreed that I should consolidate the trial on the merits of this civil action with the hearing on the preliminary injunction, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, and deem the matter ripe for adjudication by summary judgment. At the hearing, the parties agreed that the following facts are not in dispute:

1. Elisabeth Poteat ("Poteat") is an Assistant United States Attorney in the District of Columbia.

2. Keith Longtin ("Longtin") was arrested in Prince George's County, Maryland and charged with the rape and murder of his wife, Donna Zinetti.

3. A DNA analysis of semen recovered from Zinetti's corpse was the semen of a man named Antonio Oesby ("Oesby"). Prince George's County law enforcement authorities were aware of this information no later than January 11, 2000.

4. Poteat was involved in the prosecution of Oesby for other crimes in the District of Columbia.

5. Upon the application of Longtin's counsel in a civil action brought by Longtin against Prince George's County and other defendants in Maryland, a Maryland court ordered that the deposition of Poteat be taken. The Superior Court of the District of Columbia, relying on that order, issued an order directing that Poteat be deposed.

6. The United States Attorney's Office denied Longtin's counsel's request for Poteat's testimony and certain files by letters dated July 18 and July 21, 2006.

2

7.  The trial in Longtin's civil action in Maryland is scheduled to begin on August 14, 2006.

## ANALYSIS

The Department of Justice has adopted so called "Touhy"[2] regulations that set forth (1) the requirements that a litigant must follow to request records from or the deposition of a person employed by the Department of Justice when the Department of Justice is not a party to that litigation, and (2) the standards by which the representative of the Department of Justice is to determine whether to permit access to the sought-after records or deposition. See 28 C.F.R. § 16.26. If a federal agency has adopted so-called Touhy regulations, the court's power is limited to a review of the determination made pursuant to that regulation to ascertain whether the determination was arbitrary, capricious, and unreasonable. Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1212 (D.C. Cir. 1996).

Plaintiff concedes as much, but focuses on the provisions of the Privacy Act that indicate that a disclosure made pursuant to an order of a court of competent jurisdiction is exempted from the requirements and prohibitions of the Privacy Act. See 5 U.S.C. § 522a(b)(11). He then reasons that, because the Superior Court issued an order for Poteat to be deposed, Poteat must be permitted to be so deposed and to produce the sought-after documents.[3] To prevail on this

---

[2] See United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951).
[3] Plaintiff previously served a subpoena *duces tecum* on the United States Attorney's Office, which the government, in separate miscellaneous actions before this Court, has moved to quash. See Miscellaneous Case Nos. 06-164 and 06-165. In that subpoena, plaintiff sought the United States Attorney's entire file relating to the Oesby case and to depose Poteat. As indicated in his briefing on the present motion for a restraining order and at the hearing on that motion, plaintiff has now narrowed his request to include only testimony regarding Poteat's alleged conversation with a Prince George's County official about the prosecution of Oesby and its relation to the arrest and detention of plaintiff and any notes that Poteat may have taken during that conversation.

3

argument, plaintiff would have to show either (1) that the Privacy Act, by the force of the exemption itself, compelled Poteat to testify or (2) that, in concluding that the exemption did not require Poteat to testify, the Department of Justice misread the law and was therefore arbitrary and capricious in its denial of plaintiff's Touhy request.

### The Privacy Act Does Not Waive Sovereign Immunity

It is settled beyond all question that the sovereign immunity of the United States precludes a state court from enforcing a subpoena or a subpoena *duces tecum* issued by a state court and served on a non-party federal government agency. Houston Bus. Journal, 86 F.3d at 1211. It, therefore, follows that a federal court must quash such a subpoena when the federal official or agency upon whom the subpoena was served removes the state court action to a federal court because the federal court lacks jurisdiction to enforce it. Id. at 1212.

Accordingly, to prevail on his present argument, plaintiff must show that the exemption in the Privacy Act upon which he relies was intended by Congress to waive the sovereign immunity of the United States[4] to the extent that sovereign immunity would preclude the enforcement of a state court subpoena served on a federal official. Unfortunately for plaintiff, the United States Court of Appeals for the Fifth Circuit rejected that precise contention in Louisiana v. Sparks, 978 F.2d 226 (5th Cir. 1992). As the court explained:

> The state trial court believed that 5 U.S.C. § 552a(b)(11)-which makes an exception to the Privacy Act's general proscription of disclosure of material protected under that Act if "a court of competent jurisdiction" orders disclosure-was evidence of a sweeping waiver of sovereign immunity. There is no indication that this exception to the Privacy Act's normal operation evinces congressional intent to broadly waive the sovereign immunity of agencies such as the Justice Department when ordered to comply

---

[4] A waiver of sovereign immunity cannot be implied, but must be unequivocally expressed. United States v. Mitchell, 445 U.S. 535, 538 (1980).

4

> with state court subpoenas. Rather, § 552a(b)(11) is simply an exception to the operation of the Privacy Act. In any event, in the instant case that exception is inoperative because in the present procedural posture of the case, no court-state or federal-possesses jurisdiction to enforce a state court subpoena. Section 552a(b)(11), however, would be applicable should Sparks institute a federal cause of action under the Administrative Procedure Act or the Freedom of Information Act.

Louisiana, 978 F.2d at 235 n.15.[5] Therefore, the only appropriate reading of the exception is that it operates to exempt a federal government agency that makes a disclosure pursuant to a court order from a suit based on that disclosure. It would mean that, if plaintiff prevails in this case and secures the order he seeks, then the disclosure made by the Department of Justice pursuant to that order could not be the premise of a suit against the Department of Justice by Oesby. But the exception certainly does not mean that the United States has waived its sovereign immunity by enacting this exception to the Privacy Act and that state courts can, therefore, enforce subpoenas served on a federal government agency or official.

Moreover, neither the Superior Court of the District of Columbia nor the Circuit Court for Prince George's County, Maryland constitute a "court of competent jurisdiction," as required by the exception. As just discussed, both of those courts lack jurisdiction to issue an order compelling a federal official to comply with a state court subpoena – the only remedy available is to commence a federal action, under the Administrative Procedure Act, seeking review of the

---

[5] Plaintiff relies heavily on a subsequent Fifth Circuit case called Robinett v. State Farm Mut. Auto. Ins. Co., 83 Fed. Appx. 638 (5th Cir. 2003). Not only is that case not binding on courts in this circuit, but, as an unpublished per curiam opinion, it is not even binding on courts in the Fifth Circuit. See Fifth Circuit Local Rule 47.5.4. Moreover, even considering the Robinett case as persuasive authority, it simply holds that a federal government agency cannot be found liable for violating the Privacy Act if it relies on a court order when making the disclosure – it does not reach the issue of what constitutes an order of a court of competent jurisdiction. See Robinett, 83 Fed. Appx. at 639.

5

Department of Justice's decision not to permit Poteat to testify. Houston Bus. Journal, 86 F.3d at 1212.

### The Decision of the Department of Justice Was Not Arbitrary and Capricious

The only way to overturn the Department of Justice's denial of plaintiff's Touhy request is to file a civil complaint under the Administrative Procedure Act and to establish that the decision made by the Department of Justice was arbitrary, capricious, and unreasonable. Based on the undisputed facts, plaintiff cannot establish that the Department of Justice's decision was arbitrary, capricious, and unreasonable.

Poteat has asserted under oath that it would be impossible for her to answer questions pertinent to plaintiff's Maryland case without disclosing information that is contained in the Oesby files. Declaration of Elisabeth Poteat, attached to Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Temporary Restraining Order. Plaintiff insists that a distinction can nevertheless be drawn between, on the one hand, asking Poteat specifically what is in the Oesby files and, on the other hand, asking her about her "personal knowledge" of her alleged phone call with a Prince George's County official. The Department of Justice rejected this contention in denying plaintiff's Touhy request, explaining:

> [E]ven if Ms. Poteat were able to recall events independently of the information in the files, our Court of Appeals has held that the release of the information is still subject to the Privacy Act, where she participated in gathering the information for the file in the first place. See Bartel v. Federal Aviation Admin., 725 F.2d 1403, 1408 (D.C. Cir. 1984).

Pls. Mot. Exh. 4 at 3.

In Bartel, the plaintiff complained about letters and a phone call that disclosed

6

that an investigation had been conducted into his behavior while employed by the government. Bartel, 725 F.2d at 1405-06. In its defense, the government contended that the Privacy Act provision that prohibited the disclosure of a record, see 5 U.S.C. § 552a(b), did not apply to the letters or the phone call because "the information they contained was not physically retrieved from the [Report of Investigation] by Vincent, but rather came from his independent knowledge of the investigation and its results." Bartel, 725 F.2d at 1407. The court of appeals rejected this interpretation of the Privacy Act, which limited its application to a "retrieval" rule and barred only the disclosure of information retrieved from a protected record. Instead, the court of appeals held that the protections of the Privacy Act extend to an agency official's "disclosing information in a record that he may not have read but . . . had a primary role in creating and using." Id. at 1411. Accord Pilon v. United States Dep't of Justice, 73 F.3d 1111, 1118 (D.C. Cir. 1996) (reading Bartel to hold that the Privacy Act applied when an official disclosed his personal recollection of an investigation that he had instituted, despite the fact that he may not have reviewed the pertinent record before doing so); Jacobs v. Nat'l Drug Intelligence Ctr., 423 F.3d 512 (9th Cir. 2005) (Bartel followed); Wilborn v. Dep't of Health and Human Servs., 49 F.3d 597 (9th Cir. 1995) (same).

The Department of Justice's determination, just quoted, that Poteat would violate the Privacy Act by disclosing what was contained in a record that she had a primary role in creating was, at the very least, a fair and justifiable reading of the Bartel decision. Accordingly, I cannot find that the decision was arbitrary, capricious, or unreasonable.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a preliminary injunction is **DENIED** and summary judgment is **GRANTED** in defendants' favor. The clerk of the court is instructed to enter final judgment in defendants' favor.

**SO ORDERED.**

JOHN M. FACCIOLA<br>
UNITED STATES MAGISTRATE JUDGE

Dated:

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KEITH LONGTIN,

      Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, *et al.*,

      Defendants.

Civil Action No. 06-1302 (JMF)

FILED

AUG 0 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### FINAL JUDGMENT

This matter having come before the Court and the parties having agreed that there is no genuine issue of material fact and that the matter may be summarily adjudicated on the existing record, it is, hereby, **ORDERED** that summary judgment is awarded to the defendant, that plaintiff take nothing, and that this action is dismissed.

                                                                       CLERK OF THE COURT

Dated: 8-3-06

# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-5223**                                **September Term, 2005**
                                                              06cv01302

**Filed On: August 9, 2006** [985218]

Keith Longtin,
    Appellant

v.

Department of Justice, et al.,
    Appellees

    **BEFORE:**    Henderson, Griffith, and Kavanaugh, Circuit Judges

## O R D E R

    Upon consideration of the emergency motion for injunctive relief; appellant's dispositive motion for judgment, which the court construes as a motion for summary reversal; the emergency motion for expedited appeal; appellees' motion for summary affirmance and combined response to appellant's motions; and appellant's brief, it is

    **ORDERED** that the motion for summary reversal be denied and the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant has not shown the Department of Justice's determination, denying his request pursuant to the Department's "Touhy" regulations, was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); see United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951); 28 C.F.R. § 16.26. It is

    **FURTHER ORDERED** that the motion for injunctive relief and motion for expedited appeal be dismissed as moot.

    Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

<b>Per Curiam</b>

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:

Deputy Clerk/LD